UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 14-143 |
| COYE DOTEY | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant Coye Dotey's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the motion is DENIED.

**Background**

On October 14, 2015, Coye Dotey received a 151-month prison sentence for knowingly and intentionally distributing heroin. Now more than five years into that sentence, Dotey moves for compassionate release in light of perceived health risks stemming from the COVID-19 pandemic.

I.

In opposition to Dotey's motion, the Government contends that Dotey failed to comply with the administrative-exhaustion requirements of § 3582(c)(1)(A) before filing his motion.[1] As

---

[1]   18 U.S.C. § 3582(c)(1)(A) allows district courts to consider whether to grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

1

explained below, however, the Court need not (and does not) decide whether Dotey's May 28, 2020 request to the Bureau of Prisons satisfied his administrative-exhaustion obligations because Dotey's motion fails on the merits regardless.

---

receipt of such a request by the warden of the defendant's facility, whichever is earlier."

In a very technical argument, the Government concedes that Dotey filed a request for compassionate release with the Bureau of Prisons, but claims that Dotey's request was insufficiently detailed to comply with BOP regulations. See Opp'n at 8–9 ("The defendant's *entire* request [to the BOP was] comprised of the following paragraph: 'I am requesting a motion seek[ing] relief under 18 U.S.C. § 358(c)(1)(A), The First Step Act amended 18 U.S.C. § 3582; In section 603 of the Act permits defended to move a sentencing [court] for modification of a sentence "after" the defendant has fully exhausted administrative rights to appeal. The request made to the warden, B.O.P. may be appealed by a defendant after 30 days.  Petitioner is therefore requesting the warden file a motion for the sentencing modification based on the following "extraordinary and compelling reason" for the reduction: (1) In 2014, the sentencing commission promulgated amendment 782, which lowered the base offense level for all drugs in the drug quantity table and made the amendment (2) Covid-19 outbreak in Yazoo MS (Low) B.O.P.'" (quoting Dotey's Administrative Request, Opp'n, Ex. A) (emphasis added) (some alterations omitted) (errors in original)).

Laying aside the fact that the BOP's own form asked Dotey to "*Briefly* state [his] complaint," it is a stretch to suggest, as the Government does, that "Dotey's request . . . provided his warden with *no facts whatsoever* on which to fairly evaluate his request." See id. at 11 & Ex. A (emphasis added). Here, as in countless other cases, an indigent defendant advanced the straightforward contention that COVID-19 is in and of itself an extraordinary and compelling circumstance justifying compassionate release.  All a defendant must do is ask the BOP to bring a motion for compassionate release on his behalf and allow the BOP a reasonable time to decide whether to do so.

II.

With narrow exceptions, federal law provides that courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant here, Congress has provided that courts *may* reduce a defendant's term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i).

Here, Dotey offers just one reason for his proposed reduction: his "chronic condition" of asthma.[2] See Mot. at 5. However, the record before the Court reveals a glaring problem with this central contention: Dotey's BOP medical records (which total a robust fifty-seven pages in length) make no mention whatsoever of asthma or asthma-like symptoms. See Opp'n, Ex. C. Likewise, Dotey's 2015 final presentence investigation report also omitted any mention of asthma. As a result, the Court is left to choose between Dotey's word regarding his alleged medical condition (which he, perhaps tellingly, supports with no records of his own) and voluminous medical records suggesting otherwise. For obvious reasons, the choice is clear.

---

[2] Construing Dotey's pro se motion liberally, the Court assumes that Dotey means to suggest that his asthma places him at a heightened risk of suffering a severe case of COVID-19.

\* \* \*

Coye Dotey is a 32-year-old federal prisoner who seeks compassionate release on the basis of a common medical condition that he may not even have. See *supra* Part II. For that reason, Dotey has failed to satisfy *his* burden[3] of establishing that "extraordinary and compelling reasons warrant" a reduction of his duly imposed sentence.

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to his ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, April 16, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] See, e.g., United States v. Washington, 2020 WL 4000862, at *4 (E.D. La. July 15, 2020) (noting that the defendant bears the burden of establishing his entitlement to a sentence reduction under § 3582(c)(1)(A)(i)).

4